Costa Souza v. Blanche

BIA
Drucker, IJ
A220 219 244/246

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-six.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> EUNICE C. LEE,
>> *Circuit Judges.*

_____

MATHEUS COSTA SOUZA, L.C.C.,
> *Petitioners,*

> v.

TODD BLANCHE, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

24-408
NAC

_____

_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONERS:**    Ashish Kapoor, Kapoor Law Firm, PLLC, Garden City, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Margot P. Kniffin, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Matheus Costa Souza and his minor child, natives and citizens of Brazil, seek review of a January 17, 2024, decision of the BIA affirming an August 30, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Costa Souza*, Nos. A 220 219 244/246 (B.I.A. Jan. 17, 2024), *aff'g* Nos. A 220 219 244/246 (Immigr. Ct. N.Y.C. Aug. 30, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We "review the entirety of the

agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act ("INA")] to those findings—for substantial evidence." *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). "We review *de novo* questions of law." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana*, 607 U.S. at 543 n.1. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.    Asylum & Withholding

An applicant for asylum and withholding of removal has the burden to establish past persecution, or, alternatively, a well-founded fear or likelihood of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* §§ 1101(a)(42)(A), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). An applicant who relies on a particular social group as the protected ground must establish both that the proposed group is "cognizable" and that the persecutor has targeted or will target "the applicant on account of her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (internal quotation marks omitted). To

3

constitute a particular social group, the group must (1) "share a common, immutable characteristic," (2) "be defined with particularity," and (3) "be socially distinct within the society in question." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) (internal quotation marks omitted). An immutable characteristic is one that "members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id.* (citation omitted).

Costa Souza's proposed group—"poor Brazilian laborers living in small towns in Brazil"—is defined by characteristics that are not immutable. Cert. Admin. R. at 112; *cf. Matter of Acosta*, 19 I. & N. Dec. 211, 234 (B.I.A. 1985) (holding that employment as taxi driver was not an immutable characteristic), *overruled in part on other grounds by INS v. Cardoza–Fonseca*, 480 U.S. 421 (1987). Costa Souza fails to show that his employment and residence are immutable under his circumstances; in fact, despite his poverty, he altered both characteristics in migrating to the United States. And he does not argue that either characteristic is fundamental to his identity. *See Quintanilla-Mejia*, 3 F.4th at 588; *see also Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make

4

legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Additionally, when "the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). Costa Souza describes a general fear of criminal activity, and does not provide evidence that criminals in his hometown are motivated by any particular characteristics of their victims. But a fear of "random violence" and "general crime conditions" are not grounds for asylum and withholding of removal. *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) ("The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground].").

Costa Souza thus did not establish a cognizable particular social group based on immutable characteristics or that criminals in his hometown would target him on account of his group membership. *See Ucelo-Gomez*, 509 F.3d at 73;

5

*Melgar de Torres*, 191 F.3d at 313–14; *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (placing burden of proof on applicant); 8 C.F.R. §§ 1208.13(a), 1208.16(b) (same).

## II. CAT Relief

A CAT applicant has the burden to establish that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (describing this as "two-step inquiry" requiring likely torture and "sufficient state action"). Costa Souza's only argument is that "[t]he police failing to respond, failing to investigate, and failing to properly protect [him] and others, amounts to consent or acquiescence of the Brazilian government." Petitioners' Br. at 8–9. Even construing this sentence to raise a challenge to the denial of CAT relief, it addresses only acquiescence. He has thus abandoned a dispositive ground for the agency's decision—*i.e.*, that he did not show a likelihood of torture. *See Debique*, 58 F.4th at 684; *Garcia-Aranda*, 53 F.4th at 758–59.

Even if we were to reach the merits, substantial evidence supports the agency's findings at both steps. Costa Souza was not harmed in the past, and he

identified no evidence that he is likely to be singled out by criminals. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring CAT applicants to show that someone in their "particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)). And while he testified that there were only four police officers for his hometown and investigations usually did not result in arrests, he did not testify to facts showing that the police are aware of or willfully blind to reports of torture. *See Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence."). Additionally, the country conditions evidence does not address the likelihood of harm in his hometown or describe the local police response to serious harm. There is thus nothing in this record to compel a conclusion that Brazilian officials are likely to acquiesce to Costa Souza's torture. *See Quintanilla-Mejia*, 3 F.4th at 592 ("Because the agency's conclusion finds support in record evidence, [the petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion.").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8